## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRUCE BECKWITH,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL CASE NO. 3:20-cv-02903** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BIG LOTS STORES, INC.,** | § | |
| *Defendants.* | § | |

---

### DEFENDANT BIG LOTS STORES, INC.'S
*(incorrectly named and an improper party)*
### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1441, Defendant BIG LOTS STORES, INC. *(incorrectly named and an improper party)* (hereinafter "BIG LOTS") removes to this Court, the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), Big Lots sets forth the following "short and plain statement of the grounds for removal."

### I.
### THE REMOVED CASE

1.      The removed case is a civil action filed with the 14th Judicial District Court of Dallas County, Texas, on August 18, 2020, styled *Bruce Beckwith v. Big Lots Stores, Inc.*, under Cause No. DC-20-11466 (the "State Court Action").

### II.
### DOCUMENTS FROM REMOVED ACTION

2.      Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 81 and 28 U.S.C. § 1446(a), Defendant attaches the following documents to this Notice of Removal:

(a)      A list of all parties in the case, their party type and current status;

BECKWITH/ DEFENDANT BIG LOTS STORES, INC.'S *(incorrectly named and an improper party)*
NOTICE OF REMOVAL                                                                    P a g e | **1**
DOC #7375385V1 / 79539.00094

(b)     a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c)     a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d)     A record of which parties have requested trial by jury; and

(e)     The name and address of the court from which the case is being removed.

## III.
## REMOVAL PROCEDURE

3.     Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.  The Dallas Division of the Northern District Court of Texas is the United States district and division embracing Dallas County, Texas, and the county in which the State Court Action is pending.

4.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "B"* and incorporated herein for all purposes.

5.     Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with

BECKWITH/ DEFENDANT BIG LOTS STORES, INC.'S *(incorrectly named and an improper party)*
NOTICE OF REMOVAL                                                                                    P a g e  | 2
DOC #7375385V1 / 79539.00094

the Clerk of the 14th Judicial District Court, of Dallas County, Texas, where the State Court Action is currently pending.

## IV.
## REMOVAL IS TIMELY

6.    According to the State Court Action file, Defendant BIG LOTS STORES, INC. *(an improper party to this lawsuit)* was served with a copy of Plaintiff's Original Petition ("Petition") on August 20, 2020, via personal service.

7.    Since the thirtieth day after service of the Petition on Defendant BIG LOTS STORES, INC. *(incorrectly named and an improper party to this lawsuit)* falls on September 19, 2020 (a Saturday), this Notice of Removal is being timely filed within the time limits specified in 28 U.S.C. § 1446(b).

## V.
## VENUE IS PROPER

8.    The United States District Court for the Northern District of Texas – Dallas Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 14th Judicial District Court of Dallas County, Texas, is located within the jurisdiction of the United States District Court for the Northern District of Texas – Dallas Division.

## VI.
## DIVERSITY OF CITIZENSHIP EXISTS

9.    This is a civil action relating to a negligence claim that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

BECKWITH/ DEFENDANT BIG LOTS STORES, INC.'S *(incorrectly named and an improper party)*
NOTICE OF REMOVAL                                                                P a g e  | **3**
DOC #7375385V1 / 79539.00094

10.     As admitted in the Petition, Plaintiff is a resident of Dallas County, Texas and is domiciled there.[1]

11.     Defendant BIG LOTS STORES, INC., *(incorrectly named and an improper party)*, is a foreign Limited Liability Company organized and existing under the laws of the State of Ohio. Additionally, BIG LOTS STORES, INC.'s principal office is located at 4900 E. Dublin Granville Rd., Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), BIG LOTS STORES, INC. is not a citizen of the State of Texas.

12.     Because the Plaintiff is a resident of the State of Texas and Defendant is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## VII.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13.     Plaintiff alleges in his Petition that he seeks "monetary relief of over $200,000.00, and less than $1,000,000.00."[2]

14.     Based on the aforementioned facts, the State Court Action may be removed to this Court by BIG LOTS in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy as specifically pled by the Plaintiff, exceeds $75,000, exclusive of interest and costs.

---

[1] *Id.* Plaintiff's Original Petition at p. 1.
[2] *See,* "Plaintiff's Original Petition" p. 5 at 8.2.

BECKWITH/ DEFENDANT BIG LOTS STORES, INC.'S *(incorrectly named and an improper party)*
NOTICE OF REMOVAL                                                                 P a g e | 4
DOC #7375385V1 / 79539.00094

## VIII.
## FILING OF REMOVAL PAPERS

15.     Pursuant to 28 U.S.C. § 1446(d), Big Lots is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 14th Judicial District Court of Dallas County, Texas, in which this action was originally commenced.

## IX.
## CONCLUSION

16.     Defendant Big Lots Stores, Inc. *(incorrectly named and an improper party)* hereby removes the above-captioned action from the 14th Judicial District Court of Dallas County, Texas, and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas – Dallas Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 North Saint Paul Street, Suite 700
Dallas, TX 75201
214.379.6900 / F: 214.379.6939

By:_____
        Zach T. Mayer, Attorney-in-Charge
        State Bar No. 24013118
        zmayer@mayerllp.com
        Sara Krumholz
        State Bar No. 24060579
        E-Mail: skrumholz@mayerllp.com

**ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.**
*(incorrectly named and an improper party)*

BECKWITH/ DEFENDANT BIG LOTS STORES, INC.'S *(incorrectly named and an improper party)*
NOTICE OF REMOVAL                                                                                P a g e  | **5**
DOC #7375385V1 / 79539.00094

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 21, 2020, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Northern District of Texas:

I. Scott Lidji
State Bar No. 24000336
Mary Jo R. Betzen
State Bar No. 24089054
Carlos G. Galliani
State Bar No. 24069752
The LIDJI Firm
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
Phone: (972) 223-7455
Fax: (214) 753-4751

*Counsel for Plaintiff*

☐ E-MAIL (service@ramjilaw.com)
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ CM/ECF
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

/s/ *Sara Krumholz*
Sara Krumholz

BECKWITH/ DEFENDANT BIG LOTS STORES, INC.'S *(incorrectly named and an improper party)*
NOTICE OF REMOVAL                                                                 P a g e  |  **6**
DOC #7375385V1 / 79539.00094

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRUCE BECKWITH,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL CASE NO. 3:20-cv-02903** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BIG LOTS STORES, INC.,** | § | |
| *Defendants.* | § | |

---

### DEFENDANT BIG LOTS STORES, INC.'S
*(incorrectly named and an improper party)*
### INDEX OF MATTERS BEING FILED

---

Defendant Big Lots Stores, Inc., files this Index of all documents filed in state court action:

(1)     Plaintiff's Original Petition and Request for Disclosure filed August 18, 2020;

(2)     Citation of Big Lots Stores, Inc.;

(3)     Affidavit of Service filed August 21, 2020;

(4)     Defendant's Original Answer and Verified Denial filed September 1, 2020;

---

Respectfully submitted,

**MAYER LLP**

By: ___/s/ Zach T. Mayer_____
          Zach T. Mayer
          State Bar No. 24013118
          zmayer@mayerllp.com
          Sara Krumholz
          State Bar No. 24060579
          skrumholz@mayerllp.com

750 N. St. Paul Street, Suite 700
Dallas, TX  75201
214.379.6900
214.379-6939 Facsimile

**ATTORNEYS FOR DEFENDANT**
**BIG LOTS STORES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on September 21, 2020, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Northern District of Texas:

|  |  |
| --- | --- |
| I. Scott Lidji | ☐E-MAIL |
| State Bar No. 24000336 | ☐HAND DELIVERY |
| Mary Jo R. Betzen | ☐FACSIMILE |
| State Bar No. 24089054 | ☐OVERNIGHT MAIL |
| Carlos G. Galliani | ☐REGULAR, FIRST CLASS MAIL |
| State Bar No. 24069752 | ☒CM/ECF |
| The LIDJI Firm | ☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |
| Meadow Park Tower |  |
| 10440 N. Central Expressway |  |
| Suite 1240 |  |
| Dallas, Texas 75231 |  |
| legal@thelidjifirm.com |  |
| Phone: (972) 223-7455 |  |
| Fax: (214) 753-4751 |  |
|  |  |
| *Counsel for Plaintiff* |  |

/s/ Zach T. Mayer_____
          Zach T. Mayer

# EXHIBIT 1

FILED
8/18/2020 9:49 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

CAUSE NO. DC-20-11466

| | | |
|---|---|---|
| **BRUCE BECKWITH** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **BIG LOTS STORES, INC.** | § | |
| | § | |
| | § | |
| **Defendant** | § | A-14TH  **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, BRUCE BECKWITH, complaining of Defendant, BIG LOTS STORES, INC. (hereinafter "BIG LOTS") and for cause of action would show unto the Court the following:

## I.
## PARTIES AND SERVICE

Plaintiff

1.    Plaintiff, BRUCE BECKWITH is a resident of Dallas County, Texas.

Defendants

1.1    Defendant, BIG LOTS STORES, INC., is a corporation authorized to conduct business in the State of Texas and may be served with process by its registered agent, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO, 211 E.7TH Street, Suite 620, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

2.1    This Court has jurisdiction over these Defendants as it does business in the State of Texas

**PLAINTIFF'S ORIGINAL PETITION & RFDS**
**PAGE 1**

and the amount in controversy exceeds the minimum jurisdictional limit of this Court. Venue is proper in Dallas County, Texas under the Texas Civil Practices and Remedies Code §15.002(b) since the event which forms the basis of this lawsuit occurred in Dallas County, Texas.

### III.
### FACTS & NEGLIGENCE CLAIMS

3.1     Plaintiff, BRUCE BECKWITH was a business invitee of the Big Lots Store, Inc., Store #4140 located at 825 W. Centerville Road, Garland, Texas 75041 and was entering the store at approximately 8:30 -8:45 pm , and was approaching the store front when he tripped over a parking chock in front of the store (also known as a wheel stop) that was designed to prevent cars from pulling too far into a designated parking spot.

3.2     However, the parking chock at issue was located between the Plaintiff's vehicle and the store front and was not painted in a florescent paint that would draw attention to it such that it would warn a patron, like the Plaintiff that a trip hazard was present.

3.3     In fact, the store front was dark and not well lit, further making it hard to see the parking chock at issue.  Due to the Defendant's failure to warn patrons of the trip hazard, BRUCE BECKWITH tripped over the parking chock, resulting in serious injuries.  Defendant was negligent in controlling the area in question and as a result of Defendant's negligence, Plaintiff suffered serious bodily injury as a result of the fall which was proximately caused by the dangerous trip hazard condition.

### IV.
### PREMISES LIABILITY

4.1     Plaintiff was a business invitee on the premises in question.

4.2     Defendants are the owner/managers of the property in question where the incident which

**PLAINTIFF'S ORIGINAL PETITION & RFDS**
**PAGE 2**

forms the basis of this lawsuit occurred.

4.3    The condition of the improperly placed parking chock created a dangerous condition on said premises.

4.4    Defendants knew or reasonably should have known of the above-referenced dangerous condition on said premises.

4.5    The parking chock as not painted bright yellow to warn patrons of its placement.

4.6    It appears that the parking chock at issue was placed for the sole purpose of preventing patrons from striking the brick column, with a total disregard for the safety and well being of its disabled business invitees, constituting malice.

4.7    The Defendants owned and controlled the placement (location) of the parking chock at issue.

4.8    Defendant owed a duty to Plaintiff as a business invitee to warn of said dangerous condition and to make the dangerous condition safe.  Defendant breached this duty by failing to warn and failing to make safe this dangerous condition.  Accordingly, Defendant is guilty of negligence.

4.10   Said breach by Defendants proximately caused the injuries of Plaintiff complained of herein.

**V.**
**DAMAGES OF PLAINTIFF BRUCE BECKWITH**

5.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff BRUCE BECKWITH was injured.  Plaintiff demands compensation for the following damages.

1.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff BRUCE BECKWITH for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

PLAINTIFF'S ORIGINAL PETITION AND RFDS
PAGE 3

3.      Physical pain and suffering and mental anguish in the past;

4.      Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5.      Physical impairment;

6.      Physical disfigurement;

7.      Loss of household services;

8.      By reason of all of the above, Plaintiff, BRUCE BECKWITH has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VI.
## JURY DEMAND

6.1     Plaintiff requests a trial by jury in this matter.

## VII.
## DAMAGES OF PLAINTIFF

7.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. Plaintiff demands compensation for the following damages.

1.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.      Physical pain and suffering and mental anguish in the past;

4.      Physical pain and suffering and mental anguish which, in all reasonable probability, will be

suffered in the future;

5.   Physical impairment;

6.   Physical disfigurement;

7.   Loss of earning capacity in the past and future;

8.   Loss of household services;

9.   By reason of all of the above, Plaintiff, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### VIII.
### PLAINTIFF'S DAMAGES - RULE 47

8.1.   Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporated herein by this reference for all purposes.

8.2   Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief over $200,000.00 and less than $1,000,000.00.  Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury.   Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

8.3   As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Plaintiff has sustained both property damages as well as medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages.

### IX.
### REQUEST FOR DISCLOSURE

9.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose within fifty (50) days of service of this request, the information and material described in Rule 194.  Plaintiff further requests that the responding parties produce the responsive documents at

The LIDJI Firm in fifty (50) days of service of this request. This Request was initially served on Defendants with Plaintiff's Original Petition.

## X.
## JURY DEMAND

10.1   Plaintiff requests a trial by jury in this matter.

## XI.
## DOCUMENTS TO BE USED

11.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause. Moreover, Defendant is put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, emails from the store from the corporate office, and/or any communication whatsoever related to the defective seating system that resulted in the Plaintiff's incident on January 1, 2014. Furthermore, this notice includes preserving any and all videotape surveillance of the incident in question as well as any evidence related to the relocation of the parking chock at issue from the location.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE**
**PAGE 6**

Respectfully submitted,

**The LIDJI Firm**

*/s/ I. Scott Lidji*
I. Scott Lidji
Texas Bar No. 24000336
scott@thelidjifirm.com
Mary Jo R. Betzen
State Bar No. 24089054
maryjo@thelidjifirm.com
CARLOS G. GALLIANI
Texas Bar No. 24069752
carlos@thelidjifirm.com
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
(972) 223-7455 (Tel)
(214) 753-4751 (Fax)
(844) BADPILL (Toll free)
Website: BADPILL.COM
**ATTORNEYS FOR PLAINTIFF**



PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE
PAGE 7

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 14th day of Sep_____, A.D., 2020.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

Gabriel Gonzalez

# EXHIBIT 2

# FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

To:     **BIG LOT STORES, INC.**
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCO
211 E 7TH ST STE 620
AUSTIN TEXAS 78701

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRUCE BECKWITH**

Filed in said Court **18th day of August, 2020** against

**BIG LOT STORES, INC.**
For Suit, said suit being numbered **DC-20-11466**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **& REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of August, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By _____, Deputy
       ANGELA CONEJO

---

**ESERVE**

**CITATION**

DC-20-11466

**BRUCE BECKWITH**
vs.
**BIG LOT STORES, INC.**

ISSUED THIS
**19th day of August, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
I SCOTT LIDJI
MEADOW PARK TOWER
10440 N CENTAL EXPWY, STE 1240
DALLAS TEXAS 75231
972-223-7455
scott@thelidjifirm.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-11466

Court No. 14th District Court

Style: BRUCE BECKWITH

vs:

BIG LOT STORES, INC.

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M.

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20 _____ by delivering to the within named

_____ each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

Executed at _____ o'clock _____.M. Executed at _____ day of

For serving Citation     $ _____

For mileage     $ _____     of _____ County,

For Notary     $ _____     By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____
Notary Public _____ County _____

STATE OF TEXAS }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 14th day of Sep, A.D., 2020.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

Gabriel Gonzalez

# EXHIBIT 3

FILED
8/21/2020 3:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

ESERVE

CITATION

DC-20-11466

BRUCE BECKWITH
vs.
BIG LOT STORES, INC.

ISSUED THIS
19th day of August, 2020

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

Attorney for Plaintiff
I SCOTT LIDJI
MEADOW PARK TOWER
10440 N CENTRAL EXPWY, STE 1240
DALLAS TEXAS 75231
972-223-7455
scott@thelidjifirm.com

DALLAS COUNTY
SERVICE FEES
NOT PAID

FORM NO. 353-3 – CITATION
THE STATE OF TEXAS

To: BIG LOT STORES, INC.
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCO
211 E 7TH ST STE 620
AUSTIN TEXAS 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRUCE BECKWITH**

Filed in said Court **18th day of August, 2020** against

**BIG LOT STORES, INC.**

For Suit, said suit being numbered **DC-20-11466**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition & **REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of August, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By _____, Deputy
ANGELA CONEJO

# OFFICER'S RETURN

Case No.: DC-20-11466

Court No.14th District Court

Style: BRUCE BECKWITH

vs.

BIG LOT STORES, INC.

Came to hand on the _____ day of _____, 20____ at _____ o'clock _____.M. on the _____ day of _____, 20____ at _____ o'clock _____.M. Executed at _____,

within the County of _____

20____ _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $_____

For mileage             $_____          of _____ County, _____

For Notary              $_____          By_____                    Deputy

                        (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____

to certify which witness my hand and seal _____

_____ Notary Public _____ County_____

RETURN ATTACHED

AUSTIN PROCESS, LLC
805 NUECES
AUSTIN, TX 78701

## AFFIDAVIT OF SERVICE

State of Texas                    **County of Dallas**                    **14th District Court**

Case Number: DC-20-11466

Plaintiff:
**Bruce Beckwith**

vs.

Defendant:
**Big Lots Stores, Inc.**

For:
The LIDJI Firm
10440 North Central Expressway
Suite 1240
Dallas, TX 75204

Received by Austin Process LLC on the 20th day of August, 2020 at 12:42 pm to be served on **Big Lots Stores, Inc. by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Mike Techow, being duly sworn, depose and say that on the **20th day of August, 2020** at **2:00 pm, I:**

delivered to REGISTERED AGENT by delivering a true copy of the **Citation and Plaintiff's Original Petition and Request for Disclosure** with the date of service endorsed thereon by me, to: **Samantha Guerra, Corporation Service Company d/b/a CSC-Lawyers Inco. as Authorized Agent at the address of: 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **Big Lots Stores, Inc.,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 20th day
of August, 2020 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

Mike Techow
PSC-1215, Exp. 7/31/2022

Austin Process LLC
809 Nueces
Austin, TX 78701
(512) 480-8071

Our Job Serial Number: MST-2020005410
Ref: BRUCE BECKWITH vs. BIG LOT STORES, I

SUZI DICKERSON
Notary Public, State of Texas
Comm. Expires 04-04-2023
Notary ID 131960911

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

**STATE OF TEXAS** }
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 14th day of Sep A.D., 2020.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

Gabriel Gonzalez

EXHIBIT 4

FILED
9/1/2020 3:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

CAUSE NO. DC-20-11466

| | | |
|---|---|---|
| **BRUCE BECKWITH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **14th JUDICIAL DISTRICT** |
| | § | |
| **BIG LOTS STORES, INC.,** | § | |
| | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANT BIG LOTS STORES, INC.'S
### ORIGINAL ANSWER AND VERIFIED DENIAL

COMES NOW, BIG LOTS STORES, INC., one of the Defendants herein, and files its Original Answer and Verified Denial as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, material allegations contained within Plaintiffs' pleadings and any amendments or supplements thereto and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II.
### VERIFIED DENIAL

Subject to and without waiving the foregoing General Denial, and in the alternative, Defendant specifically denies, pursuant to Rule 93(4) of the TEXAS RULES OF CIVIL PROCEDURE, that Defendant has any liability and/or interest in the incident that forms the basis of Plaintiffs' lawsuit and said denial is supported by verification herein. Furthermore, Defendant denies that it is a proper party to this lawsuit and hereby challenges this Court's jurisdiction over them

## III.
## SPECIAL EXCEPTION

Defendant specially excepts to Plaintiffs' Original Petition and the assertions and causes of action against it are improper because this Defendant is the wrong party – and not a merely misnomer for the correct party.  Thus, there is a defect in the parties.

**WHEREFORE, PREMISES CONSIDERED,** BIG LOTS STORES, INC. prays that Plaintiffs take nothing by this suit, that Plaintiffs be required to pay Defendant's costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

By:     */s/ Zach T. Mayer*
         Zach T. Mayer
         State Bar No. 24013118
         zmayer@mayerllp.com
         Sara Krumholz
         State Bar No. 24060579
         skrumholz@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**BIG LOTS STORES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of September 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

*Via E-File*
I. Scott Lidji
Texas Bar No. 24000336
scott@thelidjifirm.com
Mary Jo R. Betzen
State Bar No. 24089054
maryjo@thelidiifirm.com
Carlos G. Gallani
Texas Bar No. 24069752
carlos@thelidjifirm.com
**The LIDJI Firm**
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
  *Attorneys for Plaintiff*


       */s/ Zach T. Mayer*
       Zach T. Mayer

## VERIFICATION

STATE OF TEXAS        §
                     §
COUNTY OF DALLAS   §

BEFORE ME, the undersigned authority, on this day personally appeared **ZACH T. MAYER** who, being by me duly sworn upon his oath, deposed and stated that he is duly qualified and authorized in all respects to make this verification on behalf **BIG LOTS STORES, INC.**, that he has read the above and foregoing Original Answer and Verified Denial and that the factual statements contained in Section II of the Original Answer are within his personal knowledge and are true and correct.

_____
**ZACH T. MAYER**

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 1st day of September 2020.

_____
Antoinette Hamilton, Notary Public, State of Texas

My Commission Expires: __1-28-23__

_Antoinette Hamilton_
Printed Name of Notary

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Antoinette Hamilton on behalf of Zachary Thomas Mayer
Bar No. 24013118
ahamilton@mayerllp.com
Envelope ID: 45883999
Status as of 9/2/2020 12:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| I SCOTTLIDJI | | scott@thelidjifirm.com | 9/1/2020 3:15:49 PM | SENT |

Associated Case Party: BIG LOT STORES, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Antoinette Hamilton | | AHamilton@mayerllp.com | 9/1/2020 3:15:49 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 9/1/2020 3:15:49 PM | SENT |
| Sara Krumholz | | skrumholz@mayerllp.com | 9/1/2020 3:15:49 PM | SENT |
| Renay Senegal | | rsenegal@mayerllp.com | 9/1/2020 3:15:49 PM | SENT |



**STATE OF TEXAS**
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 14th day of Sep, A.D., 2020.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

Gabriel Gonzalez